GULF IRON WORKS, A CORPORATION, *Appellant*, v. GEORGE S. GANDY, *Appellee*.

Opinion filed Nov. 17, 1915.

When a materialman is put on notice that the owner's agent has power to purchase for cash only, and the materials are charged to the agent, and no notification to the owner is shown, the materialman does not acquire a lien against the owner.

· Appeal from Circuit Court, Pinellas County; F. M. Robles, Judge.

Decree affirmed.

*J. T. Watson, Jr.,* for Appellant;

*Lunsford & Shackleford,* for Appellee.

COCKRELL, J.—A bill to enforce a lien for materials furnished in the construction of a building was dismissed, and the complainant appeals.

The materials were ordered by one Richardson, and the case turns upon Richardson's agency in the transaction.

It appears that Richardson was in charge of the building operations, being paid by a daily wage and a percentage upon the entire cost. His authority was to buy materials for cash only, and in purchasing the materials from the Iron Works, the seller had the option of shipping them with sight draft attached to the bill of lading or to charge them to Richardson, or to charge them to Gandy, if Gandy would approve the last alternative.

We have not the original entry before us, but it appears that at one time a statement for the materials was sent to Gandy, the charge being in his name, and that the Iron Works later wrote a letter apologizing for having sent the bill to him by mistake when it should have been sent to Richardson. There is evidence that Gandy never approved the charging of the materials to himself.

The Circuit Judge was justified in finding that the complainant knew, or should have known, that Richardson's agency was limited to buying for cash, and was

without authority to purchase goods on Gandy's credit. They were told distinctly that they were not to charge the materials to Gandy unless he in terms authorized it to be done; they could have demanded cash for the order, as was the special contract between Gandy and Richardson, and being advised of this special limitation of Richardson's authority, they should have observed it, or followed his suggestion and made contract with his principal direct. This the complainant claims to have done, but but the defendant as emphatically denies that it was, and upon this disputed question of fact, we cannot say that the complainant met the burden of proof.

The rejected evidence presents no ground for reversal. Under well recognized rules there was not sufficient predicate for the admission of the proffered writings.

The decree is affirmed.

TAYLOR, C. J., and WHITFIELD and ELLIS, JJ., concur.

SHACKLEFORD, J., took no part.